Michael S. Freeman, Colo. Bar # 030007
mfreeman@earthjustice.org
EARTHJUSTICE
1400 Glenarm Pl., #300
Denver, CO  80202
(303) 623-9466 (phone)
(303) 623-8083 (facsimile)

Henry Egghart, Nev. Bar #3401
317 S Arlington Avenue
Reno, Nevada 89501
Telephone:     (775) 329-2705
Facsimile:     (775) 852-5309

Attorneys for Intervenors and Cross-claimants

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JOHN C., CARPENTER, individually and as agent for CITIZENS UNITED FOR THE SOUTH CANYON ROAD;<br>O.Q. JOHNSON, individually; GRANT GERBER, individually; and ELKO COUNTY, NEVADA,<br><br>　　　　Defendants,<br><br>THE WILDERNESS SOCIETY and GREAT OLD BROADS FOR WILDERNESS,<br><br>　　　　Intervenors and Cross-claimants. | 99-cv-547-RLH-RAM<br><br>SCHEDULING ORDER OF THE WILDERNESS SOCIETY AND GREAT OLD BROADS FOR WILDERNESS |

1

(#336) Scheduling Order has been amended in compliance with (#345) Minute Order - Scheduling Order Beginning with the third paragraph on page 2 and ending with the last paragraph on the introduction on page 4 is STRICKEN

## **INTRODUCTION**

Pursuant to this Court's May 19, 2010 minute order, The Wilderness Society and the Great Old Broads for Wilderness (collectively, "TWS") respectfully submit the following proposed scheduling order. TWS, Elko County and the United States have been unable to reach agreement on a proposed scheduling order for this case. As a result, the parties concluded that the most efficient method to proceed is for each side to file a proposed scheduling order for the Court to consider.

The matters remanded to the District Court by the Ninth Circuit can be divided into two parts. The first part deals with the Court's consideration of whether to reinstate and approve the 2001 settlement agreement between Elko County and the United States. The second part involves TWS's cross-claims against the United States.

~~TWS does not believe that there is a dispute over the schedule for briefing and decision on whether to reinstate the 2001 settlement. Based on discussions with the United States and Elko, it is TWS's understanding that the parties are proposing comparable schedules for this part of the case. TWS and the United States, however, have been unable to reach agreement over the second part of the case – TWS's cross-claims. Under the Ninth Circuit's 2008 decision, TWS is entitled to pursue its cross-claims against the federal government. The United States and Elko, however, propose that TWS's cross-claims be stayed. TWS objects to this proposal for a stay.~~

~~Proceedings on the cross-claims should occur concurrently with those addressing whether to reinstate the 2001 settlement agreement. The contrary proposal to stay the cross-claims is likely to result in duplicative and unnecessary briefing, as well as wasting judicial resources by~~

**(#336) Scheduling Order has been amended in compliance with (#345) Minute Order - Scheduling Order Beginning with the third paragraph on page 2 and ending with the last paragraph on the introduction on page 4 is STRICKEN**

~~requiring two decisions instead of one.~~

~~Under the government's proposed schedule, the parties will pursue a round of document exchange and discovery, briefing and possibly a hearing, followed by a decision from this Court on whether to reinstate the settlement agreement. If the cross-claims are stayed, the decision on whether to reinstate the settlement will then be followed by further disclosure of documents (when the administrative record is designated), a second round of briefing, and a second decision from the Court.~~

~~Two rounds of briefing and decision are unnecessary because the issues in the two proceedings will substantially overlap. For example, both will likely turn in large part on whether Elko County and the United States intended the 2001 settlement agreement to disclaim an R.S. 2477 right-of-way. Both are likely also to address the validity of Elko's R.S. 2477 claim, and whether the statute of limitations had expired on the county's Quiet Title Act claim. It would be highly inefficient to require two rounds of briefing and decisions on these issues.~~

~~Contrary to the United States' assumption, however, the issues are not identical. As a result, a decision on whether to reinstate the settlement will not also dispose of the cross-claims. For example, the Court may conclude that the settlement is fair, adequate and reasonable as a compromise of claims without ruling on whether the settlement formally grants a right-of-way to Elko County. In such a case, reinstatement of the settlement will not address the issue presented by TWS's cross-claims. Alternatively, even if the Court reinstates the settlement (as it did in 2006) based on a determination that it does not constitute a Quiet Title Act disclaimer or formal grant of a right-of-way, that holding does not resolve whether its practical effect (and its intent)~~

<span style="color:red">(#336) Scheduling Order has been amended in compliance with (#345) Minute Order - Scheduling Order Beginning with the third paragraph on page 2 and ending with the last paragraph on the introduction on page 4 is STRICKEN</span>

~~is to reach the same outcome in violation of NFMA and FLPMA, as alleged by TWS's cross-claims. That latter question is a factual issue that can only be resolved with the benefit of the administrative record.~~

~~Moreover, the administrative record for the cross-claims also is likely to include information that will assist the Court in deciding whether to reinstate the settlement agreement. For example, the record should include documents – such as earlier drafts of the settlement and correspondence and documents exchanged between Elko and the United States – shedding light on whether the 2001 settlement agreement was intended to be a Quiet Title Act disclaimer. Rather than deferring the filing of the administrative record, it would be far more efficient for the parties and the Court to have these materials available during proceedings on reinstatement of the settlement. Staying proceedings on the cross-claims creates the prospect that, after a ruling on reinstatement of the settlement, TWS may be forced to file a motion for reconsid~~eration based on ~~new evidence in the administrative record for the cross-claims.~~

~~Finally, TWS's proposed order would formally grant TWS's intervention in this case in opposition to Elko County's counter-claim, as directed by the Ninth Circuit.~~[1]

## PROPOSED SCHEDULE

**I. Settlement Agreement Approval Schedule**

    **A.   Document Exchange and Discovery**

Elko County and the United States will provide or make available to TWS any non-privileged documents relevant to the issues addressed at the April 2006 Evidentiary Hearing and

---

[1] The Court previously granted TWS's request to intervene as a cross-plaintiff. (Dkt # 165 at 14.)

in the briefs submitted following that evidentiary hearing, to the extent those documents are not included in the administrative record filed for the cross-claims (e.g., documents generated after the closing date of the administrative record). Counsel for TWS agrees that it will also provide voluntarily any non-privileged documents or evidence it has on the same issues.

In addition, TWS may depose former Elko County Manager George Boucher.

The parties estimate that the voluntary exchange of documents will be completed by October 29, 2010, and the deposition of Mr. Boucher will be completed by November 30, 2010.

TWS may seek leave of Court before December 15, 2010 to obtain additional documents or take additional discovery, if it feels that it has not obtained all of the information to which it is entitled.

### B. Evidentiary Hearing

If no motions are filed relating to requests for additional documents or discovery pursuant to paragraph I(A), then any party may request by December 15, 2010 that the Court convene an evidentiary hearing.

### C. Briefing Schedule

Any party may file a motion on the issue of mootness on or before October 15, 2010.

Thirty days after any evidentiary hearing, the parties will submit opening briefs addressing issues related to the settlement agreement approval. Thirty days after the opening briefs, the parties will submit briefs responding to the other parties' briefs.

If no party requests an evidentiary hearing, the parties' opening briefs will be due on January 15, 2011 and the responsive briefs will be due on February 15, 2011.

If TWS files any motion under paragraph I(A), the parties will file a proposed revised evidentiary hearing and briefing schedule within 14 days after entry of the order resolving any such motions.

**II.     Cross-claims Schedule**

   **A.     Answer**

The United States and Elko County will answer the TWS cross-claims no later than July 19, 2010.

   **B.     Administrative Record**

The United States will file the administrative record by October 29, 2010.  TWS shall file any motions regarding supplementation or completion of the administrative record by December 15, 2010.

   **C.     Briefing Schedule**

If no motions are filed pursuant to paragraph II(B), above, briefing of dispositive motions shall proceed according to the following schedule:

   1.    TWS shall file its motion for summary judgment on its cross-claims on the same date it files its opening brief addressing the settlement agreement issues under paragraph I(C), above.  The United States and Elko County shall file any countermotions for summary judgment on the same date.

   2    The parties shall file their summary judgment opposition briefs on the date their responding briefs are due under paragraph I(C) above.

   3.    The parties shall file their replies in support of motions for summary

judgment thirty days after the opposition briefs are filed.

If any motions are filed pursuant to paragraph II(B), the parties shall file a supplemental briefing schedule for the dispositive motions described above within 14 days of the Court's final resolution of the motion(s).

### III. Order Granting Intervention

TWS's and Great Old Broads for Wilderness's request to intervene in opposition to Elko County's counter-claim (Dkt # 142), is GRANTED.

Respectfully submitted this 2nd day of July, 2010.

Henry Egghart
Attorney at Law
720 Plumas Street
Reno, Nevada 89509
(775) 329-2705 (phone)
(775) 852-5309 (facsimile)

Attorneys for The Wilderness Society and Great Old Broads for Wilderness

s/ Michael S. Freeman
Michael S. Freeman
EARTHJUSTICE
1400 Glenarm Pl., #300
Denver, CO  80202
(303) 623-9466 (phone)
(303) 623-8083 (facsimile)

IT IS SO ORDERED: _____

_____
UNITED STATES MAGISTRATE JUDGE

DATED: July 6, 2010