UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: 3:99-cv-00547-RLH-RAM |
| Plaintiff, ) | **O R D E R** |
| vs. ) | (Motion to Dismiss for Mootness–#351) |
| JOHN C. CARPENTER; COUNTY OF ELKO, ) | |
| Defendants. ) | |
| THE WILDERNESS SOCIETY and GREAT OLD BROADS FOR WILDERNESS, ) | |
| Intervenors/Cross-claimants. ) | |

Before the Court is Defendant Elko County's **Motion to Dismiss for Mootness** (#351, filed Jan. 14, 2011). The Court has also considered Plaintiff United States of America's Opposition (#374, filed June 29, 2011), Intervenors The Wilderness Society and Great Old Broads for Wilderness' (collectively "TWS") Opposition (#375, filed June 29, 2011), and Elko's Reply (#378, filed July 12, 2011).

**DISCUSSION**

The factual and procedural background of this case is long and complicated and the Court will not go into it. Therefore, the Court directs the reader to its order in a separate, related case, *Great Old Broads for Wilderness v. Kimbell*, 3:07-cv-170-RLH-RAM, 2011 WL 1042612,

and the Court's prior decision in this case, Dkt. #296, for relevant background information. The simple issue presented by this motion is whether the dispute between all the parties has become moot. Elko argues that the case is moot because the road that was washed out in 1995 has been repaired, Elko and the Forest Service have resolved the R.S. 2477 issue between themselves, and the repaired road would continue to exist regardless of this Court's decision on the settlement agreement. Even taking all of these arguments as true, they do not make this case moot.

The case is not moot because the Court may still grant effective relief to TWS on the R.S. 2477 issue. TWS argues that if the Court approves the settlement agreement, the settlement agreement will essentially grant an R.S. 2477 right of way for the road in favor of Elko. TWS argues that the government did not go through the proper procedures to grant a right of way and, thus, the government should not be allowed to do so. Regardless of what Elko and the Forest Service have done as regards constructing and operating the disputed road up this point and what there agreement is as to future management (there resolution to the R.S. 2477 issue), the legal matter of who has the right to manage the road in the future remains unsettled. As it stands, Elko and the Forest Services informal agreement as to road management could change at any time. As such, there is still a live case and controversy, *DaimlerChrysler Corp. V. Cuno*, 547 U.S. 332, 341, 352 (2006), and the matter is not moot.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Elko County's Motion to Dismiss for Mootness (#351) is DENIED.

Dated: September 29, 2011.

_____
ROGER L. HUNT
**United States District Judge**