# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 3:99-cv-00547-RLH-RAM |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Complete the Administrative Record and for Discovery–#385) |
| JOHN C. CARPENTER, *et al*., | |
| Defendants, | |
| COUNTY OF ELKO, Defendant/Counter-claimant | |
| THE WILDERNESS SOCIETY and GREAT OLD BROADS FOR WILDERNESS, | |
| Intervenors and Cross-claimants. | |

Before the Court is Intervenors/Cross-claimants The Wilderness Society and Great Old Broads for Wilderness (collectively "TWS") **Motion to Complete the Administrative Record and for Discovery** (#385, filed Aug. 30, 2011). The Court has also considered Defendant Elko County's Opposition (#387, filed Sept. 15, 2011) and Plaintiff United States of America's Opposition (the "United States" or the "Government") (#388, filed Sept. 16, 2011), and TWS's Reply (#389, filed Sept. 26, 2011).

1

AO 72
(Rev. 8/82)

**BACKGROUND**

The factual and procedural background of this case is long and complicated and the Court need not delve into it here. Therefore, the Court directs the reader to its order in a separate, related case, *Great Old Broads for Wilderness v. Kimbell*, 3:07-cv-170-RLH-RAM, 2011 WL 1042612, and the Court's prior decision in this case, Dkt. #296, for relevant background information. Since this Court's decision approving the settlement, TWS has been allowed to intervene and challenge the settlement agreement entered into between the Government and Elko County. The Government has since compiled an administrative record for consideration in TWS's challenge to the settlement. Now before the Court is TWS's motion requesting that the Court order the Government to include other documents in the administrative record as well. For the reasons discussed below, the Court grants TWS's the motion in part and denies it in part.

**DISCUSSION**

TWS's motion seeks two principle things: (1) for the Forest Service to complete the administrative record, and (2) for the opportunity to conduct discovery. As to completing the administrative record, TWS seeks records falling into three general categories: (1) records relating to the settlement negotiations between Elko County and the United States ("Settlement Documents"), (2) material relating to whether the statute of limitations on Elko's Quiet Title Act claim ran prior to its filing ("Statute of Limitations Documents"), and (3) documents regarding the merit's of Elko County's claim to an RS 2477 right-of-way ("Merits Documents").[1] The Court will first address TWS's request to complete the administrative record and will then address the request for discovery.

---

[1] Elko County has provided some of the requested documents to TWS and TWS has determined on its own that there is insufficient reason to add some of these documents to the administrative record. (Dkt. #389, Ex. L n. 2.) The Court will, thus, not specifically address these documents but note them in subsequent footnotes.

AO 72
(Rev. 8/82)

## I. The Administrative Record

### A. Standard

"Section 706 of the APA provides that judicial review of agency action shall be based on 'the whole record.'" *Portland Audobon Soc'y v. Endangered Species Comm'n.*, 984 F.2d 1534, 1548 (9th Cir. 1993). "'The whole record' includes everything that was before the agency pertaining to the merits of its decision." *Id.* Therefore, the whole administrative record "'is not necessarily [just] those documents that the agency has compiled and submitted as 'the' administrative record.'" *Thompson v. U.S. Dept. of Labor*, 885 F.2d 551, 554 (9th Cir. 1989) (quoting *Exxon Corp. v. Dept. of Energy*, 91 F.R.D. 26, 32 (N.D. Tex. 1981)). "'The 'whole' administrative record ... consists of all documents and materials directly or indirectly considered by agency decision-makers ....'" *Id.* (quoting *Exxon Corp.* 91 F.R.D. at 32). "When it appears the agency has relied on documents or materials not included in the record, supplementation is appropriate." *Portland Audobon Soc'y*, 984 F.2d at 1548. This is because if "the record is not complete, then the requirement that the agency decision be supported by 'the record' becomes almost meaningless." *Id*. (citing *Home Box Office, Inc. v. Federal Communications Comm'n*, 567 F.2d 9, 54 (D.C. Cir. 1977)). Therefore, a court may order the government to complete the record where the record is lacking. *See id*. at 1548-49 (ordering the government to add records of any *ex parte* communications to the administrative record). Notwithstanding all of this, an agency's designation of the administrative record is entitled to a presumption of regularity which an opposing party must overcome. *McCrary v. Gutierrez*, 495 F. Supp. 2d 1038, 1041 (C.D. Cal. 2007) (citing *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993).

### B. Analysis

The Government first argues that the Court should deny TWS's motion because the Court has all the evidence necessary to resolve the question of whether Elko County had an RS 2477 right-of-way. The Court fails to see how this is relevant to the inquiry of whether particular documents or evidence make up part of the complete administrative record. The administrative

record, *i.e.* everything that was before the Government pertaining to the merits of its decision to settle this litigation, is not limited to what the Court needs to answer the questions presented to it in answering the RS 2477 question, but by what the agency considered. *See Thompson*, 885 F.2d at 554 ("The 'whole' administrative record ... consists of all documents and materials directly or indirectly considered by agency decision-makers ...."). Further, the Government does not provide substantive support for this position and the Court has not independently discovered any. Thus, the Court will not consider this line of argument further but will address the Government's other arguments as to whether particular documents should be included in the record.

### 1.  Settlement Documents

TWS argues that the United States has omitted documents relating to the settlement negotiations between Elko County and the United States which should have been included in the administrative record and must be added to complete the record. The specific documents TWS requests be added to the record are:

- All email messages, correspondence, and other communications exchanged by the parties during the settlement discussion, and notes relating to those settlement discussions.
- All drafts of the settlement agreement exchanged between the parties, including rejected agreements.
- The sealed transcript or tapes from the 2001 settlement conference held before Magistrate Judge McQuaid, as well as exhibits, notes, submissions to the Court, and other documents from that conference.
- Notes, correspondence, drafts, and all other communications and documents relating to the negotiations that took place in 1999-2000 with a private mediator.
- Complete copies of Elko County Board of Commissioners meeting minutes from the time when settlement discussions were ongoing.
- A video by Commissioner Tony Lesperance about the South Canyon Road that was presented to the Elko County Board of Commissioners.
- Intra-governmental documents and communications regarding the settlement.
- Documents referenced at AR 14932-35 including a letter from the US Attorney's Office to Elko County, minutes of meetings between the Forest Service, and the Elko County Commissioners, and information and maps provided to Representatives Chenoweth-Hage and Gibbons at a November 17, 2009 meeting.
- Notes, minutes, agendas, and other materials from a Forest Service round-table discussion held in February 2000.

4

- All minutes, notes, and other documents from monthly meetings that were held between the Forest Service and Elko County to discuss the South Canyon from 1995-1998.
- All documents from the administrative record in *The Wilderness Society v. U.S. Forest Serv.*, No. 3:07-cv-00170-RLH-RAM (D. Nev.), that predate the settlement agreement in this case.

The Government argues that these documents and materials should not be included in the administrative record because they relate to "the internal deliberative process of the agency" or the "mental processes of individual agency members." *See Portland Audobon Soc'y*, 984 F.2d at 1549. Also certain of the requested records either were not before the Government in making its decision to settle (such as Elko County Commission meetings and meetings from long before Elko filed its right-of-way claim), did not involve the right-of-way or South Canyon dispute (Dkt. #388, Ex. A, Decl. of James Winfrey ¶ 9), or are otherwise protected by privilege (settlement negotiations, attorney work product, etc.). Thus, the Court denies TWS's request as to all of the Settlement Documents.

**2.     Statute of Limitations Documents**

TWS also argues that the United States has omitted documents relating to the statute of limitations on Elko's Quiet Title Act claim which should have been included in the administrative record and must be added to complete the record. The specific documents TWS requests be added to the record are:

- A 1936 agreement where the Forest Service advised Elko County that the United States owns the South Canyon Road referenced by Elko County District Attorney Gary Woodbury at page 17 of the Elko County Board of Commissioners' November 8, 2000 meeting minutes (Dkt. #385, Ex. G).
- A video by Defendant Grant Gerber regarding a 1986 closure of the South Canyon Road by the Forest Service that generated significant controversy in Elko County.[2]

---

[2] After receiving this video from Elko county and reviewing it, TWS decided not to dispute the Government's assertion that this video was not before the agency and therefore not part of the administrative record in its Reply (Dkt. #389, Ex. L n. 2).

5

- Complete, unredacted copies of any notes, correspondence, or other documents related to an April 2, 1987 Forest Service visit to Jarbidge and a dispute over certain mining claims in that area. Redacted and incomplete versions of the notes and correspondence are at AR 12909-11 (Dkt. #385, Ex. H).

TWS claims that these documents and materials should be included in the administrative record because they are relevant to the question of whether the statute of limitations has run as against Elko County as long as they were in the Government's possession. The Government does not disagree with this assertion but contends that these materials were not before the Government when making its decision. Specifically, both Elko County and the United States have searched for the purported 1936 agreement and have not been able to locate it. (Dkt. #388, Ex. A, Winfrey Decl. ¶ 5-7.) Even if the United States' search was not as thorough as it could have been, as TWS argues, the search demonstrates that the purported agreement was not considered by the Government in making the decision to enter into the settlement agreement. Further, the Government has shown that it does not have the other Statute of Limitations Materials that TWS seeks, and, thus, cannot add them to the administrative record. As such, the Court denies TWS's request as to these materials.

### 3. Merits Documents

TWS also argues that the United States has omitted documents relating to the merits of Elko's RS 2477 claim which should have been included in the administrative record and must be added to complete the record. The specific documents TWS requests be added to the record are:

- Elko County's right-of-way application for the Charleston-Jarbidge road.
- Correspondence between Elko County Attorney Gary Woodbury and an individual named Gene Gustin.[3]
- A map and legend for the map accompanying Elko County Resolution 14-98.

---

[3] After receiving this letter from Elko county and reviewing it, TWS decided not to dispute the Government's assertion that this letter was not before the agency and therefore not part of the administrative record in its Reply (Dkt. #389, Ex. L n. 2).

1   As to the right-of-way application, TWS does not show that it was before the
2   Government when it entered the settlement in 2001, or that it was relevant[4] to that decision. It was
3   an application for a different section of road. Thus, the Court will not order the application be
4   added to the administrative record.
5   As to the map, the Government has already added the map to the record and has
6   agreed to replace that copy with a copy with a legend that Elko County recently produced. The
7   Court orders the Government to effectuate its promise and add the map with a legend to the
8   record.

**II.     Discovery**

10   TWS has not provided the Court with good reasons to allow new discovery or to
11  seek the documents the Court has not ordered to be included in the administrative record.
12  Specifically, the Court does not agree that settlement documents that Elko County may possess are
13  relevant as Elko's intentions are not an issue before the Court. (The Court, however, notes that
14  TWS has already obtained some of the requested materials from Elko County.) Accordingly, the
15  Court denies TWS's request for discovery.

---

[4] The Court has explained that a document need not be relevant to the questions the Court must answer to be a necessary part of a complete administrative record. However, as a matter of logic, it is unlikely that documents that were (or were believed to be) irrelevant to the agency's decision would have been considered in the decision making process and, therefore, rightly included in the administrative record.

7

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that TWS's Motion to Complete the Administrative Record and for Discovery (#385) is GRANTED in part and DENIED in part as follows:

- The United States is ordered to add the map and legend for the map accompanying Elko County Resolution 14-98.
- The United States is not required to add any other documents to the administrative record.
- The Court denies TWS's request for discovery.

Dated: October 7, 2011.

_____
**ROGER L. HUNT**
**United States District Judge**