# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 3:99-cv-00547-RLH-WGC |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Summary Judgment–#402; Motion for Determination of Right-of-Way–#403) |
| JOHN C. CARPENTER, and ELKO COUNTY, NEVADA, et al., | |
| Defendants, | |
| THE WILDERNESS SOCIETY and GREAT OLD BROADS FOR WILDERNESS, | |
| Intervenors and Cross-claimants. | |

Before the Court is Intervenors and Cross-claimants The Wilderness Society and Great Old Broads for Wilderness ("TWS") **Motion for Summary Judgment on Cross-claims and in Opposition to Approval of Settlement** (#402, filed Feb. 27, 2012). The Court has also considered Elko County's Opposition (#426, filed May 9), the United States' (the "Government") Opposition (#428, filed May 9), and TWS' Reply (#431, filed June 25).

Also before the Court is the Government's **Motion Seeking Determination of Elko County's Claim of Right-of-Way** (#403, filed Feb. 27). The Court has also considered

1

Elko County's Opposition (#426, filed May 9), TWS' Opposition (#427, filed May 9), and the Government's Reply (#432, filed June 25).

## BACKGROUND

The factual and procedural background of this case is long and complicated and the Court will not go into it. Therefore, the Court directs the reader to its order in a separate, related case, *Great Old Broads for Wilderness v. Kimbell*, 3:07-cv-170-RLH-RAM, 2011 WL 1042612, and the Court's prior decision in this case, Dkt. #296, for relevant background information. Now before the Court are two motions, TWS' motion for summary judgment and the Government's motion seeking a determination of Elko's rights. The Court heard oral argument on these motions on August 20, 2012. For the reasons discussed below, and addressed at the hearing, the Court denies both motions.

## DISCUSSION

The Court denies both TWS' motion for summary judgment and the Government's motion for determination of Elko County's claim of right-of-way. In sum, the Court finds that there are material questions of fact left that this Court needs to make in any determination on the matters of law argued in these motions. The facts developed at the evidentiary hearing in 2006 were, and are, insufficient for the Court to make a determination on whether Elko County actually holds an R.S. 2477 right-of-way, according to the Ninth Circuit, and insufficient for the Court to either confirm or reject the proposed settlement agreement. The Court approved the settlement in 2006 on the basis that both Elko County and the Government had colorable claims. That approval was vacated by the 9th Circuit Court of Appeals because the Court did not allow TWS to participate in the presentation of evidence. *U.S. v. Carpenter*, 526 F.3d 1237, 1241 (9th Cir. 2008). TWS' current position is that it has now sufficiently participated by conducting some discovery and has provided sufficient new evidence for the Court to reject the settlement. However, TWS also stated at the hearing on these motions (Dkt. #433) that TWS would challenge the amount of discovery it was permitted to obtain if the Court were to confirm the settlement.

Thus, the Court reopens discovery so that TWS can discover information related to Elko County and the Government's settlement negotiations.

**I.    United States Government's Motion for Determination of Elko County's Right-of-Way**

The Court denies the Government's motion. The Court finds this motion to be untimely and improper at this stage in the proceedings for at least two reasons. First, the evidence upon which the Government relies is the evidence from the 2006 evidentiary hearing. The purpose of that hearing was to determine whether each party, Elko County and the Government, had a colorable claim so as to allow the Government to settle the case, not to address the merits of either claim. Thus, the Court finds that the evidence produced at that hearing is insufficient for the Court to make a determination on the merits of Elko County's claim to an R.S. 2477 right-of-way. Second, the Court cannot comprehend how it would be proper to address the underlying merits of Elko County's claimed R.S. 2477 right-of-way at the stage of settlement approval. As the Government has said, if the Court finds against Elko County's claim of right-of-way, the Government would merely withdraw the proposed settlement. If, however, the Court found in favor of Elko County's claimed right-of-way, the Court cannot see why Elko County would desire to keep the settlement either. Thus, such a ruling would undermine the settlement no matter how the Court ruled. Thus, the Court denies the motion and encourages the Government, Elko County, and even TWS to meet and negotiate further to settle this case.

**II.   TWS Motion for Summary Judgment on its Counterclaims and In Opposition to Approval of the Settlement**

    **A.    Summary Judgment Standard**

The Ninth Circuit uses motions for summary judgment under Federal Rule of Civil Procedure 56 to review agency administrative decisions, under the limitations imposed by the Administrative Procedure Act ("APA"). *See, e.g.*, *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471–72 (9th Cir. 1994) (discussing the standards of review under both the APA

1   and Fed. R. Civ. P. 56). Pursuant to Rule 56, "[t]he moving party is entitled to summary judgment
2   as a matter of law where, viewing the evidence and the inferences arising therefrom in favor of the
3   nonmovant, there are no genuine issues of material fact in dispute." *Id.* at 1472.  However, because
4   a district court's role under the APA is not fact finding, but rather is limited to reviewing the
5   administrative record to determine whether the federal agency considered the relevant factors and
6   reached conclusions that were not arbitrary or capricious, there can be no genuine issue of material
7   fact, and summary judgment is the appropriate process to resolve the dispute. *See, e.g.*, *Occidental*
8   *Eng'g Co. v. INS*, 753 F.2d 766, 769–70 (9th Cir. 1985).

### B.    Analysis

The Court first notes that at the August 20, 2012, hearing TWS initially stated that it had no additional evidence to present, contrary to the grounds for its prior appeal.  Furthermore, its argument, in essence, was that there was sufficient evidence to find in TWS' favor if the Court would accept its representations as to what the material evidence is and how it should be interpreted, which is contrary to the requirements of Rule 56 quoted above.  Rather than simply adopt TWS' interpretation of the facts, the Court analyzes the motion and facts under the standard set forth above.

The Court denies TWS' motion as multiple fact questions remain as to whether the Court should approve the settlement and whether the Court should find for TWS on its cross-claims.  TWS argues that the administrative record is sufficient for the Court to grant summary judgment in its favor, but that it would appeal based on insufficient discovery and an incomplete administrative record if the Court were to approve the settlement and enter a consent decree based on an interpretation of the settlement agreement similar to the Court's prior interpretation of the settlement agreement.  TWS also argues that it needs further discovery into the settlement negotiations between Elko County and the government to determine the intent of the parties, particularly whether the parties intended the settlement agreement to be a disclaimer, rather than merely having some of the attributes of a disclaimer.  TWS' argument is based, at least in part, on

prior statements by Elko County's attorneys and the Government's attorneys calling the settlement a disclaimer. However, statements of counsel are not evidence. The Court finds that because this and other fact questions remain as to the legitimacy of Elko County's R.S. 2477 right-of-way, the Court cannot yet approve or reject the settlement agreement. Thus, the Court denies the motion for summary judgment as the evidentiary record has not been sufficiently completed. The Court, thus, also reopens and extends discovery until December 21, 2012, so that the Parties may further add to the administrative record at issue in TWS' APA counterclaims.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that the United States' Motion for Determination of Elko County's Right-of-Way (#403) is DENIED.

IT IS FURTHER ORDERED that The Wilderness Society and Great Old Broads for Wilderness' Motion for Summary Judgment (#402) is DENIED.

IT IS FURTHER ORDERED that discovery is reopened to complete the administrative record until December 21, 2012.

Dated: August 27, 2012.

_____
**ROGER L. HUNT
United States District Judge**