UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>JOHN C. CARPENTER, and ELKO COUNTY, NEVADA, et al.,<br><br>Defendants,<br><br>THE WILDERNESS SOCIETY and GREAT OLD BROADS FOR WILDERNESS,<br><br>Intervenor and Cross-claimants. | Case No. 3:99-cv-00547-MMD-WGC<br><br>ORDER |

Before the Court is Intervenors and Cross-Claimants' ("TWS") Motion on Outstanding Discovery Issues seeking the Court's intervention to resolve two discovery issues. (Dkt. no. 468.) TWS seeks clarification as to the scope of the Court's January 2013, Order on discoverability of communications relating to previous settlement negotiations. TWS also seeks modification of a protective order to permit it to review court records relating to settlement and status conferences held in 2001. The Court will address each request below.

I.   **SCOPE OF JANUARY 2013 ORDER**

TWS asks the Court to clarify that its previous ruling extends to the United States and Elko County's separate communications with a private mediator and with Judge McQuaid relating to settlement negotiations. These negotiations and the settlement

conferences before Judge McQuaid ultimately resulted in a consent decree to which TWS objects. At the January 2013 hearing, the Court determined that the parties' intent in entering into the consent decree is relevant and overruled the government and Elko County's objection to discovery relating to their settlement negotiations. However, there is a distinction between the parties' communications with each other, which are clearly probative of their intent, and their separate communications with the neutrals, which may be more revealing of how the parties view the strengths and weaknesses of the case. The Court agrees with the government that production of the communications the parties separately maintained with the neutrals would discourage frank disclosures to the settlement judge and undermine the settlement process. Accordingly, the Court clarifies that its January 2013 ruling does not extend to the government and Elko County's separate communications with the mediator and with Judge McQuaid. To the extent Elko County has not included documents relating to its separate communications with the mediator and with Judge McQuaid on its privilege log, Elko County is ordered to supplement its privilege log to identify these documents within thirty (30) days.

## II.    MODIFICATION OF PROTECTIVE ORDER

TWS asks the Court to modify its protective order to permit TWS access to tapes of certain settlement proceedings and agrees that the government should be permitted to review these records to determine whether it has any objections. TWS identifies records identified in docket nos. 95-97 and 102-103. The Court finds that this is a reasonable approach, although the Court notes that Elko County objects to TWS being given access to records other than the evidence presented to Judge McQuaid. It is ordered that the government's counsel be given access to tapes of sealed proceedings identified in docket nos. 95-97 and 102-103 for review. The government has thirty (30) days to supplement its response to raise any objection to TWS's request for access to these records.

///

///

IT IS THEREFORE ORDERED that Intervenors and Cross-Claimants' Motion on Outstanding Discovery Issues (dkt. no. 468) is GRANTED in part and DENIED in part as set forth herein.

DATED THIS 19th day of August 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE