UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:99-cv-00547-MMD-WGC |
| Plaintiff, | ORDER |
| v. | RE THRESHOLD LEGAL ISSUES |
| JOHN C. CARPENTER, et al., | |
| Defendants, | |
| and | |
| COUNTY OF ELKO, | |
| Defendant/Counter-Claimant, | |
| THE WILDERNESS SOCIETY, et al., | |
| Defendants/Intervenors/Cross-Claimants. | |

I.   **INTRODUCTION**

This Order addresses three threshold legal issues that the Court directed the parties to brief. The Court formulated these issues after hearing from the parties and giving them the full opportunity to provide input on the threshold legal issues requiring resolution. (*See* dkt. no. 474.) The parties submitted opening and response briefs (dkt. nos. 500, 501, 502, 503, 504, 505), which the Court has reviewed.

The three threshold legal issues are: (1) whether the statute of limitations on Elko County's counterclaim under the Quiet Title Act ("QTA") has expired, and if it has, then the effect of the statute of limitations; (2) what is the standard of review for approval of a settlement where the federal government agrees to relinquish its property rights; and (3)

what is the standard of proof required in determining whether Elko County has a right-of-way under Revised Statute 2477 ("R.S. 2477"), 43 U.S.C. § 932 (repealed 1976). (Dkt. no. 474 at 13-14.) The Court formulated the second and third issues based on Elko County's proposed question whether the United States has discretion to enter into a settlement agreement. While these threshold legal issues could have been better articulated, the Court finds that their resolution will help streamline future briefings and hearings about the proposed consent decree, including the disposition of TWS's[1] objections and cross-claims. The Court therefore declines to address the "restructured" issues posed in Elko County's briefs,[2] as well as TWS's expansion of the legal issues. Moreover, some of these additional issues involve a merits determination, which the Court declines to resolve without further briefing.

## II.  THRESHOLD LEGAL ISSUES

**(1) Has the statute of limitations on Elko County's QTA counterclaim expired? If it has, what is the effect of the statute of limitations?**

The parties disagree about the effect of the statute of limitations' expiration on the Court's jurisdiction over the proposed consent decree. The United States argues that the Court has jurisdiction to review the proposed consent decree regardless of the merits of its statute of limitations defense to Elko County's QTA counterclaim. Elko County agrees. TWS does not dispute that the Court has jurisdiction over the United

///

---

[1] The Court adopts the parties' short-form references to party names. "TWS" collectively refers to Intervenors and Cross-Claimants The Wilderness Society and Great Old Broads for Wilderness.

[2] Elko County continues to frame the legal issues in terms of the United States Department of Justice's discretion to settle QTA claims. (*See* dkt. no. 502 at 5-6.) This oversimplified framework does not reflect the law of the case and ignores TWS's cross-claims. As the Ninth Circuit observed, the Attorney General "has plenary discretion under 28 U.S.C. §§ 516 and 519 to settle litigation to which the federal government is a party." *United States v. Carpenter*, 526 F.3d 1237, 1241 (9th Cir. 2008). However, the Ninth Circuit construed TWS's cross-claims as alleging that the Attorney General "settled the lawsuit in a manner that he was not legally authorized to do" and "circumvented federal law by entering into the settlement agreement." *Id.* at 1242. The Court's inquiry, therefore, is not whether the Attorney General has discretion to enter into the settlement agreement or how that discretion was exercised.

States' Clean Water Act claims and trespass claim, but disagrees that such jurisdiction extends to Elko County's purportedly time-barred QTA counterclaim.

The Court agrees with the United States and Elko County. Whether the statute of limitations on Elko County's counterclaim has expired does not affect the Court's jurisdiction to consider the proposed consent decree.[3] The parties do not dispute that the Court has jurisdiction over the United States' claims. Nor do they dispute the controlling authority, *Local No. 93, International Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501 (1986). Rather, they disagree about its application.

In *Firefighters*, the Supreme Court affirmed a district court's order entering a consent decree that exceeded the type of relief available under Title VII upon which the lawsuit had been brought. *Id.* at 530. The Court determined that a consent decree must (1) "spring from and serve to resolve a dispute within the court's subject-matter jurisdiction;" (2) "come within the general scope of the case made by the pleadings;" and (3) "further the objectives of the law upon which the complaint is based." *Id.* at 525 (citations and internal quotation marks omitted). The Court also clarified that "a federal court is not necessarily barred from entering a consent decree merely because the decree provides broader relief than the court could have awarded after a trial." *Id.*

The consent decree proposed here seeks to resolve the United States' claims and Elko County's QTA counterclaim, which necessarily includes resolution of the United States' statute of limitations defense. The proposed consent decree "springs from" a federal dispute — the United States' claims — over which the Court undoubtedly has jurisdiction. In arguing that the Court lacks jurisdiction over Elko County's QTA counterclaim, TWS appears to conflate two issues: first, the Court's jurisdiction to review the proposed consent decree, and second, the Court's jurisdiction over the QTA counterclaim in light of the United States' statute of limitations defense. Whether the United States' statute of limitations defense has merits, however, would not affect the

---

[3]Accordingly, the Court need not consider when the 12-year statute of limitations accrued and whether it has expired. *See* 28 U.S.C. § 2409a(g).

Court's jurisdiction to consider the proposed consent decree. Because the Court has jurisdiction over the United States' claims, it may consider a proposed consent decree that "provides broader relief." *Id.* A contrary holding would undermine the purpose of a consent decree, which is "primarily a means by which parties settle their disputes without having to bear the financial and other costs of litigating." *Id.* at 528.

### (2) What is the standard of review for approval of a settlement where the federal government agrees to relinquish its property rights?

First and foremost, this threshold legal issue assumes resolution of an apparent dispute over what the United States agreed to give up with respect to South Canyon Road. TWS contends that the settlement agreement relinquishes a federal right-of-way. (Dkt. no. 501 at 17.) Elko County is indifferent to how the settlement agreement is characterized "so long as the agreement is enforceable as written." (Dkt. no. 503 at 6.) The United States argues that, as viewed by TWS and the Ninth Circuit, the characterization is "immaterial," even though it objects to characterizing the settlement agreement as "an instrument conveying an interest in land."[4] (Dkt. no. 500 at 17-18; dkt. no. 505 at 5.) In light of the parties' divergent constructions of the settlement terms, the Court must resolve this issue as part of its review of the proposed consent decree. Indeed, it would be absurd for the Court to even consider approving the proposed consent decree when the parties to the settlement agreement (i.e., the United States and Elko County) appear unwilling to commit to a unified description of the rights conferred with respect to South Canyon Road.

The parties do not dispute the well-established legal standard governing the Court's review of a consent decree — whether the decree is "fair, reasonable and equitable and does not violate the law or public policy." *Turtle Island Restoration*

---

[4] The Ninth Circuit construed TWS's cross-claims under the Administrative Procedure Act, 5 U.S.C. § 702, as alleging that "the United States granted the County a property interest in public land without complying with the procedural mechanisms for relinquishing title or issuing rights-of-way set forth in the FLPMA." *Carpenter*, 526 F.3d at 1242.

*Network v. U.S. Dep't of Commerce*, 672 F.3d 1160, 1165 (9th Cir. 2012) (*quoting Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990)) (internal quotation marks omitted). "Although a consent decree typically represents 'an amalgam of delicate balancing, gross approximations, and rough justice,' and 'need not impose all the obligations authorized by law,' a district court may not approve a consent decree that 'conflicts with or violates' an applicable statute." *Conservation Nw. v. Sherman*, 715 F.3d 1181, 1185 (9th Cir. 2013) (citation omitted).

The United States and TWS agree that TWS's objections and cross-claims involve the same question of whether the proposed consent decree complies with the statutory procedures for disposal of federal land.[5] (Dkt. no. 500 at 16-17; dkt. no. 501 at 20.) They agree that the Court must examine the status of Elko County's claimed right-of-way in determining whether to approve the proposed consent decree and in resolving TWS's objections and cross-claims. They also agree that the consent decree cannot be approved if the Court finds that Elko County's right-of-way did not exist before reservation of South Canyon Road. Elko County does not appear to contend otherwise.

The Court agrees that if it determines that Elko County cannot establish its right-of-way claim under R.S. 2477, the proposed consent decree may not be approved.

If, however, the Court determines that Elko County can establish an R.S. 2477 right-of-way, the United States and TWS disagree about whether the Court may approve the consent decree. TWS contends that the United States must still follow the statutory process for disclaiming an interest in federal land. (Dkt. no. 501 at 24.) The Court declines to resolve this issue because resolution may not be necessary and the Court did not invite briefing on it.

---

[5] While TWS's objections and cross-claims raise similar challenges to the proposed consent decree, the Court is not persuaded that they share the same burden. This is contrary to the Court's initial assessment. It appears that TWS carries the burden of demonstrating the merits of its cross-claims whereas the United States and Elko County bear the burden of overcoming TWS's objections. This distinction may not matter here. However, resolution of the cross-claims may moot approval of the proposed consent decree. The Court will invite the parties to address this issue at the next status conference.

**(3) What is the standard of proof required in determining whether Elko County has an R.S. 2477 right-of-way?**

The United States and TWS argue that Elko County carries the burden of demonstrating by clear and convincing evidence that it has an R.S. 2477 right-of-way on South Canyon Road. They rely on similar legal authorities to argue that (1) a party asserting a right-of-way bears the burden of proof and (2) because all doubts about federal land grants are construed in favor of the government, Elko County, as the party asserting the right-of-way, must show that the right-of-way exists by clear and convincing evidence. Elko County disagrees with such application of these legal authorities.[6]

Elko County's counterclaim seeks to quiet title "pursuant to Section 8 of the act [sic] of July 26, 1866, 14 Stat 253, formerly section 2477 of the Revised Statutes of the United States." (Dkt. no. 9 at 6:7-10.) R.S. 2477 provided that "[t]he right-of-way for the construction of highways over public lands, not reserved for public use, is hereby granted." The statute was recodified as 43 U.S.C. § 932 and repealed in 1976. "The act repealing R.S. 2477 preserved any rights-of-way that existed prior to the date of enactment." *Adams v. United States,* 3 F.3d 1254, 1258 (9th Cir. 1993) (*citing 43 U.S.C. § 1769(a)*).

The Court finds convincing the United States' and TWS's arguments about Elko County's burden of proof. In the Ninth Circuit, it is settled that a party asserting an R.S. 2477 right-of-way claim bears the burden of proof on the right-of-way's existence. *See Adams,* 3 F.3d at 1258 (finding that the parties who claimed entitlement to an R.S. 2477

---

[6] In its opening brief, Elko County questioned why it should enter into a settlement agreement if it must establish its right-of-way claim by clear and convincing evidence. (Dkt. no. 502 at 28.) The settlement, however, is presented as a proposed consent decree for court approval. "A consent decree is a hybrid; it is both a settlement and an injunction." *Conservation Nw.*, 715 F.3d at 1185. The Court must be satisfied that the proposed consent decree does not violate the APA and the FLPMA, as TWS contends. *Id.* Moreover, the Court must also resolve TWS's cross-claims that the DOJ circumvented the statutory procedure for relinquishing federal property. Given its hybrid nature, ensuring that the consent decree complies with federal law does not undermine the purpose of a settlement agreement.

right-of-way "must show that the road in question was built before the surrounding land lost its public character in 1906"); *see also Cnty. of Inyo v. Dep't of Interior*, 873 F. Supp. 2d 1232, 1240 (E.D. Cal. 2012); *Cnty. of Shoshone v. United States*, 912 F. Supp. 2d 912, 927 (D. Idaho 2012). Similarly, the doctrine that courts must resolve any doubt about the "scope" and "extent" of a grant under R.S. 2477 in the United States' favor is not debatable.[7] *Adams*, 3 F.3d at 1258 (*quoting United States v. Gates of the Mountains Lakeshore Homes,* 732 F.2d 1411, 1413 (9th Cir.1984)) (internal quotation marks omitted); *Humboldt Cnty. v. United States*, 684 F.2d 1276, 1280 (9th Cir. 1982). Moreover, "the established rule [is] that land grants are construed favorably to the Government, *that nothing passes except what is conveyed in clear language*, and that if there are doubts they are resolved for the Government, not against it." *United States v. Union Pac. R.R. Co.*, 353 U.S. 112, 116 (1957) (emphasis added). Because these rules of construction require conveyance by "clear language" and resolution of all doubts in favor of the federal government, a party asserting an R.S. 2477 right-of-way claim must meet the heightened clear and convincing burden of proof.[8]

The Court concludes that it must review the merits of Elko County's claimed right-of-way under a clear and convincing evidence standard of proof. This legal standard will guide the Court's review of the proposed consent decree as well as TWS's objections and cross-claims.

///

---

[7] Elko County suggests that the Ninth Circuit in *Adams* did not apply this "rule to the validity of the right-of-way." (Dkt. no. 502 at 34.) To the extent Elko County contends that the rule of construction requiring doubts to be resolved in the government's favor does not apply when the court must determine whether a right-of-way exists, Elko County is wrong. *Adams* involved the existence of a claimed easement under R.S. 2477; indeed, the Ninth Circuit affirmed the district court's finding that the claimed easement did not exist. *Adams,* 3 F.3d at 1258. The Ninth Circuit decision of *Humboldt County* also queried the existence of a right-of-way as claimed. *Humboldt Cnty. v. United States*, 684 F.2d 1276, 1281 (9th Cir. 1982) (finding that the party asserting the right-of-way claim "could not have acquired any right in it under [R.S. 2477]").

[8] The court in *San Juan County v. United States*, No. 2:04-CV-0552BSJ, 2011 WL 2144762, at *35 (D. Utah May 27, 2011), relied on the same standard in reviewing a claimed R.S. 2477 right-of-way.

### III.     CONCLUSION

The Court finds it has jurisdiction to review the proposed consent decree without resolving whether Elko County's QTA counterclaim is time-barred. In conducting this review, the Court must determine whether the proposed consent decree complies with the statutory procedures for disposal of federal land. The Court may not approve the proposed consent decree if it determines that Elko County cannot establish its right-of-way claim under R.S. 2477 by clear and convincing evidence.

There are two additional issues that require resolution. First, the Court will need to resolve the parties' apparent disagreement over what, if anything, the United States agreed to relinquish with respect to South Canyon Road. The Court's decision will be guided by the Court's (and Judge Hagen's and Judge Hunt's) prior observations about the rights conferred by the United States in entering into the settlement agreement. Second, the Court will need to determine the procedures for its review of the proposed consent decree and resolution of TWS's objections and cross-claims. The Court questions whether TWS's cross-claims should be resolved first.  This is because judgment in favor of TWS will resolve the debate with respect to the consent decree, whereas judgment against TWS will leave this issue open.

DATED THIS 11th day of August 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE