DANIEL G. BOGDEN
United States Attorney
HOLLY VANCE
Assistant United States Attorney
100 W. Liberty Street, Suite 600
Reno, NV 89501
Ph: (775) 784-5438, Fax: (775) 784-5181
Holly.A.Vance@usdoj.gov

JEFFREY H. WOOD
United States Department of Justice
Acting Assistant Attorney General
DAVID W. GEHLERT
Environment & Natural Resources Division
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Ph: (303) 844-1386, Fax (303) 844-1350
David.Gehlert@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff/Counter-Defendant/<br>    Cross-Defendant,<br>v.<br><br>JOHN C. CARPENTER, *et al.*,<br>    Defendants,<br><br>and<br><br>COUNTY OF ELKO,<br>    Defendant/Counter-Claimant,<br><br>THE WILDERNESS SOCIETY, *et al.*,<br>    Defendants/Intervenors/Cross-Claimants. | Civil No. 3:99-cv-00547-MMD-WGC<br><br>**UNITED STATES' RESPONSE TO INTERVENORS AND CROSS-CLAIMANTS' MOTION FOR SUMMARY JUDGMENT ON CROSS-CLAIMS AND ON QUIET TITLE ACT CLAIM.** |

Under review by this Court is a settlement agreement entered into between Plaintiff United States and Defendant/Counter-Claimant Elko County which resolved all the claims between those parties. *See* ECF No. 118. Intervenor-Cross Claimant The Wilderness Society (TWS) has moved this Court for Summary Judgment on its cross-claims and on Elko County's Quiet Title Act Claim. ECF No. 605. As explained below, prior decisions in this proceeding compel the conclusion that TWS is entitled to summary judgment. However, that does not mean that the settlement agreement is void. Instead, if Elko County consents, the settlement agreement could be reformed. Finally, the United States concurs that this Court's August 16, 2016 Order (ECF No. 600) disposed of the merits of Elko County's Quiet Title Act claim and therefore summary judgment on that claim is appropriate.

## I. PRIOR DECISIONS IN THIS PROCEEDING REQUIRE ENTRY OF SUMMARY JUDGMENT IN FAVOR OF TWS ON ITS CROSS-CLAIMS.

As the Ninth Circuit has explained, TWS's cross-claims contend that the settlement agreement improperly

> granted the County a property interest in public land without complying with the procedural mechanisms for relinquishing title or issuing rights-of-way set forth in the FLPMA. Put differently, [TWS] argue[s] not that the Attorney General exercised his discretion poorly but that he settled the lawsuit in a manner that he was not legally authorized to do so-in other words, that he exceeded his legal authority.

*United States v. Carpenter*, 526 F.3d 1237, 1242 (9th Cir. 2008) (internal punctuation and citations omitted). That Court went on to explain that its precedent made it "clear that such claims are reviewable under the APA" and therefore remanded those claims to this Court. *Id.*

TWS correctly points out that the cross-claims turn on the same basic proposition that governed this Court's consideration of whether the settlement agreement should be approved as a consent decree: whether "compliance with statutory procedures for the disposal of federal land" is required. ECF No. 500 at 14. None of the statutory procedures for the disposal of federal land

**U.S.' RESP. TO TWS' MOTION FOR SUMMARY JUDGMENT – Page 1**

were applied to the settlement.[1]  ECF No. 505 at 9.  Indeed, the United States has repeatedly explained that it did not intend the settlement agreement to convey a property interest to Elko County.  *See e.g.*, ECF No. 404 at 3.  This Court has rejected the United States' construction of the settlement agreement.

The Court's August 2016 Order noted that the settlement agreement provides that "[t]he United States will not now or in the future contest that Elko County has an R.S. 2477 right-of-way. . . ."  ECF No. 600 at 2 (quoting ECF No. 118 at 7).  In the Court's view, that provision "explicitly recognizes Elko County's right-of-way."  *Id.* at 39.  Thus, the Court found that "[u]nless Elko County can establish that it already owns a right-of-way through the Jarbidge South Canyon [pursuant to RS 2477], the proposed consent decree would relinquish the United States property to the County."  *Id.* at 38-39.  Elko County's inability to prove it already owns an R.S. 2477 right-of-way led the Court to reject the proposed consent decree.  *Id.* at 39.  Elko County's inability to prove its claim to an R.S. 2477 right-of-way also requires entry of summary judgment for TWS on the cross-claims because absent Elko County having obtained an R.S. 2477 right-of-way, the settlement "gives land of the United States to Elko County without following proper procedural requirements."  *Id.* at 39.

---

[1] TWS's discussion of the legal vehicles through which the Forest Service may authorize the use of a road or trail on National Forest System land is incomplete.  The Organic Administration Act, 16 U.S.C. § 551 and related regulations at 36 C.F.R. 251, Subpart B and 36 C.F.R. 261.10, allow the authorization of a road and the statutory authorities listed under 36 C.F.R. 251.53 allow authorization of the use of roads and trails in conjunction with other authorized uses.  The Forest Service completed an Environmental Impact Statement (EIS) in support of its Record of Decision to reconstruct the road, which considered the option of granting an easement or other authorization to Elko County.  *See Great Old Broads for Wilderness v. Kimbell*, 709 F.3d 836 (9th Cir. 2013) (affirming decision).  That EIS satisfies many of the regulatory requirements for issuance of an easement or other special use authorization to Elko County for the road under 36 C.F.R. 251.54.  Thus, should Elko County agree, this case could be resolved through issuance of an easement or other authorization to the County in accordance with required statutory and regulatory requirements.  The United States is ready and willing to participate in a settlement conference or other discussions regarding possible resolution of this matter.

**U.S.' RESP. TO TWS' MOTION FOR SUMMARY JUDGMENT  – Page 2**

Importantly, however, entry of summary judgment for TWS does not render the entire settlement agreement invalid. Rather, as explained immediately below, should Elko County consent, the settlement agreement may be reformed.

## II. THE PROVISIONS OF THE SETTLEMENT AGREEMENT UNRELATED TO THE ALLEGED R.S. 2477 RIGHT-OF-WAY REMAIN VALID.

Given the Court's conclusion that Elko County did not obtain a right-of-way through R.S. 2477, the provisions of the settlement agreement addressing the purported R.S. 2477 right-of-way in the South Canyon are invalid and unenforceable. But that does not mean the entire agreement is necessarily void.

The settlement agreement includes terms allowing provisions of the settlement "held to be invalid or unenforceable" to be severed from the agreement "unless severance would be inequitable to one or more of the Parties." ECF No. 118 at 14.

The majority of the settlement agreement addressed matters other than the alleged R.S. 2477 right-of-way. *See* ECF No. 118. Although many of the provisions of the settlement relate to the rebuilding of the South Canyon Road and water projects which have already been completed and are therefore moot,[2] the agreement has provisions relating to work on the South Canyon Road (*Id*. at 7-8), cooperation between the parties and the resolution of future disputes (*Id.* at 12-13) and the release of claims (*Id.* at 13) which are prospective in nature and which the United States would like to see continue.

Those provisions are supported by consideration. Apart from the value to both parties of the provisions relating to work on the road, cooperation, and the resolution of potential disputes, Elko County has completed water projects and the United States has agreed to dismiss its trespass and Clean Water Act claims (Clause VI.B., ECF No. 118 at 13). Accordingly, the settlement may be reformed through deletion of the R.S. 2477 provisions as follows:

---

[2]   In addition, the recent passing of Mr. Carpenter (*see* ECF No. 606) extinguished any claims against him and renders the provisions of the agreement addressing Mr. Carpenter moot.

U.S.' RESP. TO TWS' MOTION FOR SUMMARY JUDGMENT  – Page 3

Delete the fourth paragraph of the Recitals (ECF No. 118 at 6) in its entirety.

Delete the second sentence of the second paragraph of Clause I (ECF No. 118 at 7) in its entirety.

Delete Clause II (ECF No. 118 at 7) of the agreement in its entirety.

Edit the last sentence of Clause III. A., paragraph 2 (ECF No. 118 at 7), so that it concludes ". . . under applicable laws for conducting repair and maintenance of a road located on National Forest System lands."

In Clause III.E. (ECF No. 118 at 9), insert a period after "shall not object" in the first sentence and delete the remainder of that sentence.

In Clause III.F. (ECF No. 118 at 9), delete everything after the first sentence.

Delete Clause VI.C. (ECF No. 118 at 13) in its entirety.

While the terms of the settlement agreement allow the R.S. 2477 provisions to be severed and the remainder of the settlement to remain a contract, the terms do not require that outcome. Consequently, if Elko County does not agree that the settlement agreement remains equitable for the County with the above cited terms severed, then TWS is correct that the severability provision of the agreement would require the entire agreement to be declared void. ECF No. 605 at 22.

### III. THE COURT SHOULD ENTER JUDGMENT AGAINST ELKO COUNTY ON THE MERITS OF ITS CLAIM TO AN R.S. 2477 RIGHT-OF-WAY.

The Court's August 2016 Order unequivocally held that Elko County "failed to establish that it has an R.S. 2477 right-of-way for the South Canyon Road." ECF No. 600 at 39. As the Court acknowledged at the subsequent status conference, that Order disposed of the merits of Elko County's Quiet Title Act claim to an R.S. 2477 right-of-way. ECF No. 604. Accordingly, entry of summary judgment against Elko County on the QTA claim is appropriate.

/

/

**U.S.' RESP. TO TWS' MOTION FOR SUMMARY JUDGMENT – Page 4**

Dated this 31st day of January, 2017.

Respectfully submitted,

JEFFREY H. WOOD
United States Department of Justice
Acting Assistant Attorney General

/s/David W. Gehlert
DAVID W. GEHLERT
Environment & Natural Resources Division
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Ph: (303) 844-1386, Fax (303) 844-1350
David.Gehlert@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 31, 2017, I electronically filed the foregoing document with the Clerk of Court using he CM/ECF system which sent notification of such filing to the following:

Blaine T. Welsh  Blaine.Welsh@usdoj.gov

Gary D Woodbury  gwoodbury@elkocountynv.net

Henry Egghart  hegghart@nvbell.net

Kristin A. McQueary  kmcqueary@elkocountynv.net

Mark Torvinen  mtorvinen@elkocountynv.net

Michael S. Freeman  mfreeman@earthjustice.org

Kathryn Armstrong  karmstrong@ag.nv.gov

Holly A. Vance  Holly.A.Vance@usdoj.gov

                                            /s/ David W. Gehlert
                                            DAVID W. GEHLERT