
Michael S. Freeman, Colo. Bar #30007
Michael A. Hiatt, Colo. Bar #41178
Yuting Chi, Cal. Bar #310177
mfreeman@earthjustice.org
mhiatt@earthjustice.org
ychi@earthjustice.org
EARTHJUSTICE
633 17th Street, Suite 1600
Denver, CO 80202
(303) 623-9466 (phone)
(303) 623-8083 (facsimile)

Henry Egghart, Nev. Bar #3401
226 Hill Street
Reno, NV 89501
(775) 329-2705 (phone)
(775) 852-5309 (facsimile)
Attorneys for Intervenors and Cross-Claimants

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**           )<br>                                                                  )<br>            **Plaintiff,**                              )<br>                                                                  )<br>            v.                                               )<br>                                                                  )<br>**JOHN C. CARPENTER, and ELKO**   )<br>**COUNTY, NEVADA, et al.,**               )<br>                                                                  )<br>            **Defendants,**                          )<br>                                                                  )<br>**THE WILDERNESS SOCIETY and**  )<br>**GREAT OLD BROADS FOR**             )<br>**WILDERNESS,**                                   )<br>                                                                  )<br>            **Intervenors and Cross-Claimants.**  ) | **3:99-CV-00547-MMD-(WGC)** |

**INTERVENORS AND CROSS-CLAMANTS' REPLY POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON CROSS-CLAIMS AND ON QUIET TITLE ACT CLAIM**

**INTRODUCTION**

In August 2016, this Court rejected the proposed consent decree between Plaintiff the United States of America (USA) and Defendant Elko County, which would have recognized a Revised Statute 2477 (R.S. 2477) right-of-way for a road in the Jarbidge South Canyon.  See ECF No. 600 at 38-39.  Intervenors and Cross-Claimants The Wilderness Society and Great Old Broads for Wilderness (collectively, TWS) have now moved for summary judgment on their cross-claims challenging the USA's decision to enter the 2001 settlement agreement (the Settlement).  ECF No. 605.  The Settlement violates the law as a contractual agreement for the same reason it does as a consent decree:  because Elko does not have an R.S. 2477 right-of-way, the agreement between Elko and the USA would dispose of federal lands without "comply[ing] with applicable laws and policies."  ECF No. 600 at 39.  Elko and the USA cannot achieve a result the Court has already rejected as contrary to law simply by agreeing to the same terms between themselves.  ECF No. 605 at 13-16.  Moreover, because the administrative record does not support Elko's R.S. 2477 claim, it was arbitrary and capricious for the USA to recognize that meritless claim in the Settlement.  Id. at 16-21.

The Responses by the USA and Elko County demonstrate that summary judgment should be granted in TWS's favor on the cross-claims.  The USA concurs with TWS that summary judgment in favor of TWS is warranted.  ECF No. 610 at 2-4.  And while Elko raises a number of meritless arguments (discussed below), the County offers no reason to conclude that the Settlement is any more legal as a contractual agreement than it was as a proposed consent decree.  See ECF No. 611.  TWS's motion should be granted.

In addition, TWS moves for entry of judgment against Elko County on the merits of the County's Quiet Title Act (QTA) claim that it owns an R.S. 2477 right-of-way.  The Court's

August 2016 ruling on the consent decree also disposes of the merits of the County's QTA claim. ECF No. 600 at 38-39. This part of TWS's motion appears to be unopposed: at the November 7, 2016 status conference, ECF No. 604, the County acknowledged that the August 2016 ruling on the consent decree also disposes of the merits of its QTA claim. Elko's summary judgment response appears to take the same position: the County frankly acknowledges that it "has no legal argument available to oppose the Court granting summary judgment to TWS' [sic] [on the] Quiet Title Counterclaim." ECF No. 611 at 13. Moreover, the USA also agrees that summary judgment is appropriate. ECF No. 610 at 5.

This Court should grant TWS's summary judgment motion and bring this long-running dispute to a close.

## ARGUMENT

In its response, Elko tacitly concedes two of the central grounds for TWS's summary judgment motion. First, the County makes no attempt to argue that the Settlement is any more legal as a contractual agreement than it was as a proposed consent decree. See ECF No. 611. Nothing in Elko's response distinguishes the Court's August 2016 ruling rejecting the consent decree from the issues presented by TWS's cross-claims.[1] Summary judgment is warranted in TWS's favor because the Settlement — like the consent decree — is contrary to law.

Second, Elko does not dispute that the Settlement's recognition of an R.S. 2477 right-of-way was based on rank speculation rather than evidence in the administrative record. Compare ECF No. 605 at 16-21 (TWS motion arguing that the administrative record does not support

---

[1] The County does renew its objections to the Court's ruling that Elko must support its R.S. 2477 claim by clear and convincing evidence, and the exclusion of post-1920 evidence at the 2015 hearing. ECF No. 611 at 6-8. These objections fail for the reasons they did earlier in the case. See ECF No. 501 at 28-29 (clear and convincing evidence); ECF No. 507 at 6-8 (same); ECF Nos. 532, 553 (excluding post-1920 evidence).

Elko's R.S. 2477 claim) with ECF No. 611 at 6-7 (Elko response). The Settlement therefore should be set aside as arbitrary and capricious. ECF No. 605 at 3, 20-21, 23.

The arguments Elko does offer are meritless. As explained below, the County's theories conflict with Ninth Circuit and Supreme Court precedent as well as this Court's earlier rulings and the record in this case.

## I. THE JUSTICE DEPARTMENT DOES NOT HAVE PLENARY AUTHORITY TO DISPOSE OF FEDERAL PROPERTY IN A SETTLEMENT WITHOUT COMPLYING WITH THE QTA, FLPMA, NEPA, AND OTHER LAWS.

As described in TWS's summary judgment motion, the Property Clause of the United States Constitution places strict limits on the Executive Branch's authority to dispose of federal property: an agency may do so <u>only</u> pursuant to a statutory authorization from Congress. U.S. Const. art. IV, § 3, cl. 2; ECF No. 605 at 8. This limitation applies to settlement agreements entered into by federal agencies. While the Justice Department has broad authority over litigation, that authority "does not authorize [it] to settle disputes in a manner inconsistent with statutes or regulations which have the force of law and which implement congressional directives." ECF No. 165 at 12 (2003 ruling citing <u>Exec. Bus. Media, Inc. v. U.S. Dept. of Def</u>. 3 F.3d 759, 761-32 (4th Cir. 1993)); ECF No. 605 at 8.

Elko wrongly asserts that the Justice Department has inherent "plenary authority" to relinquish federal property through a lawsuit settlement and thus "was not obliged to follow FLPMA, NEPA, or any other federal rules" in entering into the Settlement. ECF No. 611 at 9. Even the Justice Department does not argue that it has such unfettered authority. <u>See</u> ECF No. 610. Tellingly, the County fails to cite a single case that supports its position. <u>See</u> ECF No. 611 at 10-11 (citing inapposite cases). The County's theory is flatly inconsistent with the Ninth Circuit's ruling in this case, as well as many other decisions. <u>See</u> <u>United States v. Carpenter</u>, 526

F.3d 1237, 1242 (9th Cir. 2008) (quoting Exec. Bus. Media, Inc., 3 F.3d at 762 (4th Cir.1993)) ("[The] Attorney General's authority to settle litigation for its government clients stops at the walls of illegality."); Conservation Nw. v. Sherman, 715 F.3d 1181, 1185-86 (9th Cir. 2013) (holding agency cannot violate "procedural requirements in . . . voluntary resolution of litigation").[2]

This Court also has repeatedly rejected Elko's view. See, e.g., ECF No. 507 at 8 (holding on threshold legal issues that "the Court must determine whether the proposed consent decree complies with the statutory procedures for disposal of federal land"); ECF No. 165 at 13 (suspending Settlement "because it allows the government to circumvent the procedural mandates laid out by Congress" for issuing a right-of-way); ECF No. 186 at 9 (ruling in 2004 that "the effect of the settlement agreement was to convey an easement to Elko County" without complying with the law). Elko's position is meritless.

## II.    SETTING ASIDE THE SETTLEMENT IS NOT UNFAIR TO ELKO COUNTY.

Elko also suggests that setting aside the Settlement would be inequitable because the County "has expended hundreds of thousands of dollars" to defend the agreement and "to perform obligations under the agreement." ECF No. 611 at 5. Voiding the recognition of the R.S. 2477 right-of-way, Elko asserts, would "remove[] a significant portion of the consideration

---

[2] The County also is wrong in suggesting that the Justice Department is not bound by laws governing the Forest Service and Bureau of Land Management (BLM) because the United States (rather than one of those land management agencies) is the listed plaintiff (the case was originally filed as an enforcement action against members of the Jarbidge Shovel Brigade, ECF No. 1). But the Justice Department is an executive agency just like the Forest Service. See Carpenter, 526 F.3d at 1241-42. And like any other agency, it may only relinquish federal property where authorized by Congress. No statute other than the QTA authorizes the Justice Department to relinquish federal property. So if the Justice Department's authority to settle this case does not encompass the authority of its client land management agency under FLPMA or Forest Service regulations, the Justice Department has even fewer options for relinquishing the R.S. 2477 right-of-way as part of a settlement.

that Elko County received from the United States in the Settlement." Id.  This argument has several flaws.

First, the County does not identify any major expenses it has incurred to implement the Settlement (as opposed to the costs of defending it).  Notably, the Forest Service — not Elko — paid to re-establish and maintain the road under a 2005 Record of Decision.  See ECF No. 291-4 at pdf pp. 11, 40 (Forest Service decision to re-establish and maintain the road without requiring action by Elko, but providing that the County may undertake maintenance in the future).  This is not a situation where the County spent millions of dollars rebuilding the road in reliance on a promise that it would get title to it.

Moreover, this Settlement has been challenged in court since the moment it was announced in March 2001.  See ECF No. 106 (TWS motion to intervene, filed March 30, 2001).  And for that entire time, Elko has insisted on defending its meritless R.S. 2477 claim rather than revising the Settlement to comply with the law.  Given the ongoing litigation, any work Elko undertook to implement the Settlement was done at its own risk.  The County cannot claim it was unaware that the agreement might be set aside.[3]  Whatever expenses the County may have incurred to implement the Settlement amount to a self-inflicted wound.  See Davis v. Mineta, 302 F.3d 1104, 1116 (10th Cir. 2002) (enjoining construction of highway where agency had "jumped the gun" by moving forward despite pending litigation).

---

[3] In reality, the record shows that work done by Elko under the Settlement benefitted the County regardless of the R.S. 2477 right-of-way.  For example, the Settlement obligated Elko to contribute $150,000 to make improvements to the Jarbidge Canyon Road north of the segment covered by the R.S. 2477 claim.  ECF No. 118 at 11-12 (Settlement ¶ V.B).  In 2005, Elko wanted to rebuild two bridge crossings necessary for access to the Town of Jarbidge after a 2004 flood of the river had washed them out.  The County and the USA agreed that Elko could credit the cost of repairing the bridges against its obligation under the Settlement.  See ECF No. 221.  This occurred during a period when this Court had suspended the Settlement, but Elko sought and obtained approval from the Court to apply the bridge repair against any obligation it might have to pay the $150,000.  Id.; ECF No. 230.

While the County may have spent substantial funds to litigate the Settlement, that represents an entirely self-inflicted wound.  Id.  Had Elko agreed to comply with the law by seeking a new right-of-way under FLPMA or Forest Service regulations, this matter could have been resolved years ago.  The County had such an opportunity in 2000 (under the initial settlement that Elko rejected), in 2003 and 2004 (after this Court suspended the Settlement and directed the parties to issue a formal disclaimer or a new right-of-way under FLPMA), and following the Ninth Circuit's 2008 decision setting aside the Settlement and directing that TWS be permitted to intervene.  See ECF No. 605 at 5 (describing tentative 2000 settlement); ECF No. 186 at 12 (2004 order explaining Elko's options); ECF No. 189 (Elko rejects direction of Court in 2004); ECF No. 315 (setting 2009 settlement conference).  Accepting a non-R.S. 2477 right-of-way would have provided the County with certainty about the future status of the South Canyon Road without protracted litigation and expense.  Instead, Elko forced the Court and all the parties to incur substantial unnecessary costs and suffer years of delay by pursuing its meritless R.S. 2477 claim.

Moreover, the County will still have an opportunity to get the certainty it wants even if the Court sets aside the Settlement and enters final judgment.  After dismissal of the lawsuit, the county can still seek a statutory right-of-way under FLPMA or Forest Service regulations.  See ECF No. 610 at 3 n.1 (USA suggesting similar approach).

### III. THE SETTLEMENT HAS THE EFFECT OF RELINQUISHING THE RIGHT-OF-WAY.

Next, Elko questions whether the Settlement actually relinquishes the R.S. 2477 right-of-way — suggesting that the parties never intended for "the United States to concede Elko owned an R.S. 2477 right-of-way in the South Canyon."  ECF No. 611 at 12.  This claim flatly conflicts with the plain language of the Settlement, which requires that the USA "will not now or

7

in the future contest that Elko County has an R.S. 2477 right of way for a road" in the South Canyon.  ECF No. 118 at 7 (Settlement § II); see also id. § I (stating that if Settlement is implemented "the rights and obligations of the parties shall be no different from those existing in all other cases in which a political subdivision of a state owns an R.S. 2477 right of way").

This Court has repeatedly recognized that the Settlement "has the effect of disposing of federal land" without complying with applicable laws.  ECF No. 600 at 38-39 (August 2016 Order).  Similarly, in 2003, the Court held that the Settlement's recognition of an R.S. 2477 easement "equates to the issuance of a right-of-way, which triggers the requirement" to comply with applicable laws.  ECF No. 165 at 13.  The Court suspended the Settlement because it improperly "allows the government to circumvent the procedural mandates laid out by Congress" for transferring federal property.  Id.; see also ECF No. 186 at 9 (ruling in 2004 that "the effect of the settlement agreement was to convey an easement to Elko County" without complying with the law).  Further, the record contain numerous statements made during negotiations and implementation of the Settlement, as well as from this litigation, demonstrating that both the USA and Elko understood that the Settlement gave title over the R.S. 2477 right-of-way to the County.  See ECF No. 402 at 25-31.

The County's suggestion also conflicts with its refusal to sever the R.S. 2477 provisions of the Settlement.  If the Settlement's R.S. 2477 provisions were "deliberately made ambiguous" with neither side conceding the issue, as Elko now suggests, it is difficult to fathom why the County would have litigated for the past 16 years to keep those terms in the settlement.  See supra pp. 6-7.  Even now, Elko describes the recognition of the R.S. 2477 right-of-way as the "majority of the benefit of the Settlement" to the County.  ECF No. 611 at 5.

The plain language of the Settlement, its history, and the history of this case, all demonstrate that it has the effect of relinquishing the R.S. 2477 right-of-way. Elko's last-ditch argument to the contrary is meritless.

## IV. THE COURT CANNOT SEVER THE R.S. 2477 PROVISIONS FROM THE SETTLEMENT.

The USA points out that in granting summary judgment for TWS on the cross-claims, the Court could —if Elko agreed — leave the non-R.S. 2477 provisions of the Settlement in effect. ECF No. 610 at 4-5. This might have been an entirely reasonable resolution of the case. The County, however, has repeatedly rejected it. See, e.g., ECF No. 611 at 5-6 (asserting that "severance is not equitable"); ECF No. 605 at 5 (noting that on November 8, 2000, the County rejected initial 2000 settlement that did not recognize an R.S. 2477 right-of-way).

A court may suggest modifications, but it cannot unilaterally change the terms of a settlement agreement between the parties. See Officers for Justice v. Civil Serv. Comm'n, 688 F.2d 615, 630 (9th Cir. 1982) (holding the court is not "empowered to rewrite the settlement agreed upon by the parties . . . [or to] delete, modify, or substitute certain provisions" and that "ultimately, it must consider the proposal as a whole and as submitted"); accord United States v. Colorado, 937 F.2d 505, 509 (10th Cir. 1991). Because Elko has not agreed to sever the R.S. 2477 provisions from the Settlement, the agreement must be set aside in its entirety.

Nor should the Court delay final judgment for "a settlement conference or other discussions," ECF No. 610 at 3 n. 1, to explore yet again whether the non-R.S. 2477 parts of the Settlement might be salvaged. Over the past 17 years of litigation, Elko has repeatedly rejected the approach suggested by the USA. The County walked away from the initial settlement proposed in 2000 because it did not recognize an R.S. 2477 right-of-way. ECF No. 605 at 4. Elko refused the Court's 2004 direction to apply for a new right-of-way or statutory disclaimer.

9

ECF No. 186 at 12; ECF No. 189.  And other efforts at settlement have repeatedly failed.  See, e.g., ECF No. 315 (2009 settlement conference).  Even now, the County continues to reject the USA's proposal to sever the R.S. 2477 provisions from the Settlement.  ECF No. 611 at 5-6.  There is no reason to believe that further efforts at compromise will yield a different result.

To the extent the Settlement includes any non-R.S. 2477 terms benefitting the USA and Elko, they can agree to them outside of this lawsuit.  For example, if Elko applies for a statutory right-of-way after entry of final judgment in this case, many of the Settlement's non-R.S. 2477 terms (such as cooperation or dispute resolution procedures) could be incorporated into such a right-of-way grant.  See ECF No. 605 at 9 (describing requirement that FLPMA rights-of-way include requirements to protect public interest and the environment).  Such an out-of-court solution, however, will not come to pass until the Court sets aside the Settlement and enters final judgment in this long-running case.

## V. THE COURT ALSO SHOULD GRANT JUDGMENT ON ELKO'S QTA CLAIM.

This Court's August 2016 consent decree ruling also disposes of the merits of Elko's QTA claim.  ECF No. 605 at 22.  The Court therefore should enter judgment against the County on that claim.  TWS's motion appears to be unopposed by Elko on this point, ECF No. 604; ECF No. 611 at 13-14, and by the USA, ECF No. 610 at 5.  Granting TWS's summary judgment motion will represent a final judgment and bring this long-running dispute to a close.

Elko asserts there are additional issues remaining to be litigated that prevent entry of final judgment in this case, but does not identify what they are.  See ECF No. 611 at 5-6.  The County may be suggesting that if the Settlement is set aside, it has an action for breach of contract against the USA.  See id. at 6 (stating that if the Settlement is set aside, "then the United States is in violation of its contractual obligations").  But any such breach of contract claim would involve

an entirely new lawsuit by Elko County — no such claim has been asserted in the current case. Moreover, any contract action for damages would have to be brought in United States Claims Court rather than this court.  See 28 U.S.C. § 1491 (2012).  In any event, such a claim would be meritless.

## **CONCLUSION**

The Court should grant summary judgment for TWS on its cross-claims and set aside the settlement agreement in its entirety.  In addition, the Court should enter judgment against Elko County on the merits of its QTA claim.


Dated: February 16, 2017                                 /s/Michael S. Freeman
                                                                  Michael S. Freeman
                                                                  Michael A. Hiatt
                                                                  Yuting Chi
                                                                  Earthjustice
                                                                  633 17th Street, Suite 1600
                                                                  Denver, CO 80202
                                                                  (303) 996-9615 phone
                                                                  (303) 623-8083 fax
                                                                  mfreeman@earthjustice.org
                                                                  mhiatt@earthjustice.org
                                                                  ychi@earthjustice.org

                                                                  Attorneys for Intervenors and Cross-Claimants
                                                                  THE WILDERNESS SOCIETY and GREAT OLD
                                                                  BROADS FOR WILDERNESS

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2017, I filed a true and correct copy of **INTERVENORS AND CROSS-CLAIMANTS' REPLY POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON CROSS-CLAIMS AND ON QUIET TITLE ACT CLAIM** via the Court's ECF system, with notification sent to those listed below.

Blaine Welsh (blaine.welsh@usdoj.gov)
Kathryn Armstrong (karmstrong@ag.nv.gov)
David Gehlert (david.gehlert@usdoj.gov)
Mark Torvinen (mtorvinen@elkocountynv.net)
Kristin A. McQueary (kmcqueary@elkocountynv.net)
Curtis F. Moore (cmoore@elkocountynv.net)
Holly A. Vance (holly.a.vance@usdoj.gov)
Henry Egghart (hegghart@nvbell.net)
Robert B. Wiygul (robert@waltzerlaw.com)
Lawrence Vandyke (lvandyke@ag.nv.gov)
C. Wayne Howle (whowle@ag.nv.gov)
Adam P. Laxalt (usdcfilings@ag.nv.gov)

In addition, the foregoing document was sent by electronic mail to: Gary D. Woodbury, gwoodbury@frontier.com.

/s/ Michael S. Freeman