UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>JOHN C. CARPENTER and COUNTY OF ELKO,<br><br>Defendants,<br><br>THE WILDERNESS SOCIETY and GREAT OLD BROADS FOR WILDERNESS,<br><br>Intervenors and Cross-Claimants. | Case No. 3:99-cv-00547-MMD-WGC<br><br>ORDER<br><br>(Intervenors and Cross-Cls.' Motion for Summary Judgment – ECF No. 605) |

**I. INTRODUCTION**

This Order resolves the remaining issues in this lengthy litigation arising from storm damage to a 2.4-mile stretch of a remote road ("South Canyon Road") in the Humboldt-Toiyabe National Forest in Elko County, Nevada. The Court previously found that Elko County failed to establish that it has an R.S. 2477 right-of-way for the South Canyon Road and accordingly declined to grant the proposed consent decree approving a settlement between Elko County and the United States. (ECF No. 600.) Intervenors and Cross-Claimants The Wilderness Society and Great Old Broads for Wilderness (together, "TWS") now move for summary judgment on their cross-claims and on Elko County's Quiet Title Act ("QTA") claim. (ECF No. 605.) The Court has reviewed the briefs related to TWS's

motion for summary judgment ("Motion")—United States' response (ECF No. 610), Elko County's response (ECF No. 611), Intervenors' reply (ECF No. 612), and Elko County's reply to United States' response (ECF No. 613).[1] For the reasons discussed below, the Motion is granted.

## II. RELEVANT BACKGROUND

The complicated procedural history and background are recited in the Court's previous orders. (*See, e.g.*, ECF No. 600 at 1-4.) As pertinent to the Motion, the United States initiated the lawsuit in October 1999, seeking declaratory and injunctive relief against several individuals who, following the 1995 storm, had threatened to rebuild the South Canyon Road. (ECF No. 1 at 2-5.) The Court joined Elko County as a defendant several weeks later; in response, the County asserted a QTA counterclaim seeking to quiet title to the South Canyon Road under a now-repealed federal statute known as Revised Statute 2477 ("R.S. 2477").[2] (ECF No. 9 at 6-7.) After lengthy attempts to settle the case, the United States and Elko County entered into a settlement agreement in which they agreed not to dispute the existence of an R.S. 2477 right-of-way for Elko County to the South Canyon Road. (ECF No. 118 at 7; ECF No. 501 at 10.)

TWS intervened to object to the settlement and asserted cross-claims against the United States under the Administrative Procedure Act ("APA"). (ECF No. 106 at 2; ECF No. 151 at 2-7.) In particular, TWS alleges that the settlement transfers or disclaims a federal property interest without complying with certain procedures in violation of the Federal Land Policy and Management Act ("FLPMA"), 43 U.S.C. §§ 1701-1787, Forest Service regulations, 36 C.F.R. pt. 251, and the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 to 4370m-12. (ECF No. 151 at 5-7.)

///

---

[1] Elko County contends that the minute order setting the briefing schedule permits its reply by referencing the due date for "replies." (ECF No. 613 at 2.)

[2] Once codified as 43 U.S.C. § 932 (repealed 1976), R.S. 2477 provided that "[t]he right of way for the construction of highways over public lands, not reserved for public uses, is granted."

Upon the last remand, the Court was again confronted with the issue of whether to approve the United States and Elko County's proposed consent decree. The consent decree provides that "[t]he United States will not now or in the future contest that Elko County has an R.S. 2477 right of way for a road running generally from Pavlak Grade to the Snowslide Gulch Trail head [the South Canyon Road]." (ECF No. 118 at 7.) The Court found that unless Elko County can establish that it already owns a right-of-way through the South Canyon Road, the proposed consent decree would relinquish the United States' property to Elko County and would not comply with applicable laws and policies. (ECF No. 507 at 5; ECF No. 600 at 4.) Accordingly, the Court determined that before the proposed consent decree can be approved, Elko County must show by clear and convincing evidence that such a right-of-way existed before the land was reserved from public use. (ECF No. 507 at 5, 7.) After a two-week evidentiary hearing on this issue in May 2015, the Court entered an order, finding in pertinent part, as follows:

> Elko County has accordingly failed to establish that it has an R.S. 2477 right-of-way for the South Canyon Road. The proposed consent decree, however, explicitly recognizes Elko County's right-of-way. (ECF No. 118 at 7.) Without evidence that Elko County owns the right-of-way, the consent decree gives land of the United States to Elko County without following proper procedural requirements. The Court therefore cannot approve the proposed consent decree.

(ECF No. 600 at 39.) The Court's Order did not resolve the merits of Elko County's QTA claim or TWS's cross-claims.

## III.  LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (internal citation omitted). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits show "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).

///

## IV. DISCUSSION

### A. Elko County's QTA Claim

TWS asks the Court to enter judgment against Elko County on its QTA claim based on the finding that Elko County cannot establish a right-of-way in the South Canyon Road.[3] (ECF No. 605 at 22.) The United States concurs that the Court's finding dooms Elko County's QTA claim (ECF No. 610 at 5); and Elko County does not argue otherwise.[4] The Court agrees with TWS and the United States. The Court's finding that Elko County failed to establish that it has an R.S. 2477 right-of-way for the South Canyon Road compels judgment against Elko County on its QTA claim.

### B. TWS's Cross-Claims

TWS seeks summary judgment on its cross-claims on three grounds. Because the Court agrees with TWS on its first ground, the Court declines to address the remaining two arguments.

TWS argues that the Court should grant summary judgment on their cross-claims for the same reasons that the Court rejected the consent decree—"the consent decree gives land of the United States to Elko County without following proper procedural requirements." (ECF No. 605 at 11-12.) TWS argues that the settlement agreement, like the consent decree, should be set aside because the United States failed to comply with required procedures under FLPMA, Forest Service regulations, and NEPA in granting a right-of-way to Elko County or disclaiming its interest in the right-of-way. (*Id.* at 12.) The United States agrees that in light of the Court's finding that Elko County does not possess a right-of-way through R.S. 2477, "the provisions of the settlement agreement addressing

///

///

---

[3]TWS correctly points out that at the November 7, 2016, status conference, the Court indicated a ruling would be issued on Elko County's QTA claim. (ECF No. 604.)

[4]Elko County again argues that the Court erroneously applied a clear and convincing evidence standard. (ECF No. 611 at 6-7.) However, the Court found that Elko County failed to establish it has a right-of-way even under a preponderance of the evidence standard. (ECF No. 600 at 39.)

4

the purported R.S. 2477 right-of-way in the South Canyon are invalid and unenforceable."[5] (ECF No. 610 at 4.) Elko County responds that the settlement agreement remains valid and enforceable because the Department of Justice has plenary authority to enter into a settlement agreement to resolve litigation against the United States. (ECF No. 611 at 8-11.)

The Court agrees with TWS and the United States that the same ground upon which the Court rejected the consent decree compels summary judgment in favor of TWS on its cross-claims. The Court declined to approve the proposed consent decree because "it gives land of the United States to Elko County without following proper procedural requirements." (ECF No. 600 at 39.) The settlement agreement suffers from the same defect.

Elko County insists that "Congress has impliedly granted authority and discretion to the Department of Justice to dispose of existing federal interests in real property when litigating quiet title actions against the United States." (ECF No. 611 at 11.) Elko County reasons that given this plenary authority, the Department of Justice has properly exercised its discretion to enter into the settlement agreement, which renders the agreement valid despite the Court's findings. But TWS correctly points out that the Ninth Circuit has rejected a similar argument. (ECF No. 612 at 4-5.) In addressing the district court's finding of lack of jurisdiction to address TWS's cross-claims challenging the United States' decision to enter into the settlement agreement, the Ninth Circuit explained the limits on the Attorney General's authority to settle litigation:

> We agree with [the Fourth Circuit's] statement that, 'we think it alien to our concept of law to allow the chief legal officer of the country to violate its laws under the cover of settling litigation. The Attorney General's authority to settle litigation for its government clients stops at the walls of illegality.'

*United States v. Carpenter,* 526 F.3d 1237, 1242 (9th Cir. 2008) (quoting *Exec. Bus. Media, Inc. v. U.S. Dep't of Def.,* 3 F.3d 759, 762 (4th Cir. 1993). The Ninth Circuit went

---

[5] The United States suggest that the parties to the settlement agreement may nonetheless reform the agreement. (ECF No. 610 at 4-5.) Elko County does not agree. (ECF No. 613 at 4-5.)

on to find that TWS's cross-claims that "the Attorney General circumvented federal law by entering into the settlement agreement with Elko County" are reviewable under the APA. (*Id.*) Thus, contrary to Elko County's argument, the Department of Justice does not have authority to ignore federal law in settling quiet title actions against the United States.

**V.  CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of TWS's Motion.

It is therefore ordered that TWS's motion for summary judgment (ECF No. 605) is granted. The Clerk is directed to enter judgment in favor of TWS's on their cross-claims and against Elko County on its Quiet Title Act claim. The Clerk is further directed to close this case.

DATED THIS 25th day of September 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE